DECISION
Before this court is the appeal of Debra Soares (plaintiff) on behalf of her minor children, Philip Paquette and Christopher Mello. The plaintiff appeals from the decision of the Rhode Island Department of Human Services (DHS), which denied AFDC-related medical assistance benefits (MA) for Philip Paquette and Christopher Mello. The plaintiff seeks a reversal of DHS's decision and an award of any benefits wrongfully denied. The plaintiff also requests attorney's fees under G.L. 1956 (1993 Reenactment) § 42-92-1 et seq. Jurisdiction is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
In September 1994, plaintiff applied for medical assistance benefits for her children. The DHS denied medical benefits for Philip Paquette and Christopher Mello on the grounds that the family unit income of $15,564. per year exceeded the medical assistance eligibility standard of $11,400. per year. The DHS included the income of the stepfather, John Soares, in computing the family unit income. The DHS sent written notice of its denial of medical benefits on September 22, 1994. The plaintiff filed an appeal from this denial notice.
An administrative hearing was held on January 12, 1995. The appeals officer in a written decision on January 31, 1995, upheld the decision of DHS to deny medical assistance benefits for plaintiff's children. The appeals officer found that DHS policy (DHS Manual 0334.10.15) required the inclusion of the stepparent income in determining the income of the family unit. (Decision at 7.)
From this decision the plaintiff has filed a timely appeal. The plaintiff argues that DHS had no statutory authority to promulgate regulations which include stepparent income in determining the financial eligibility of medically needy children. The plaintiff further argues that inclusion of stepparent income in eligibility determinations violates G.L. § 40-8-3 and is not in accordance with the requirements of federal law under 42 U.S.C. § 1396 et seq. Alternatively, DHS contends that in 1993 they applied for and received from the Secretary of the United States Department of Health and Human Services (HHS) a waiver under 42 U.S.C. § 1315 allowing them to deviate from the income methodology requirements of 42 U.S.C. § 1396a
(a)(17)(D). The DHS further contends that pursuant to this waiver they are allowed to promulgate new rules for calculating income eligibility for medical assistance consistent with the provisions of G.L. § 40-8-3.
Standard of Review
The review of a decision of the Agency by this Court is controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Agency's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. On review of the Superior Court's judgment, the Supreme Court determines whether legally competent evidence exists to support the decision of the Superior Court. Rhode Island PublicTelecommunications Authority et al. v. Rhode Island LaborRelations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
Statutory Authority
The purpose of the Medicaid program under title XIX of the Social Security Act is to enable "each state, as far as practicable under the conditions in such state, to furnish (1) medical assistance on behalf of families with dependent children . . . whose income and resources are insufficient to meet the costs of necessary medical services . . . ."42 U.S.C. § 1396. A state which participates in the Medicaid program must comply with applicable federal requirements. Mass.Association of Older Americans v. Sharp, 700 F.2d 749 (1st Cir. 1983). Federal requirements for income eligibility of medical assistance recipients are set forth in 42 U.S.C. § 1396a.
Under 42 U.S.C. § 1315 of the Social Security Act, the Secretary of HHS may grant waivers from the statutory requirements of section 1396a. In granting such a waiver, the secretary has broad power and discretion. Crane v. Matthews, 417 F. Supp. 532, 539 (N.D. Ga. 1976). In the instant case, DHS was granted a waiver from the requirements of 42 U.S.C. § 1396a
(a)(17)(D), which prohibit the inclusion of the stepfather's income in computing the income of the family unit. (Letter of Bruce Vladeck, Administrator of HHS.) The DHS then promulgated new rules which included stepparent income in the calculation of income eligibility for medical assistance. This new policy was incorporated into DHS's state plan and in DHS Manual section 0334.10.15.
The plaintiff does not contest the validity of DHS's federal waiver (plaintiff's reply Brief at 1.) Instead, the plaintiff argues that the language of G.L. § 40-8-3(e) which states that DHS "shall establish income and resource rules, regulations, and limits in accordance with title XIX of the federal Social Security Act [42 U.S.C. § 1396 et seq] as applicable to the medically needy only applicants and recipients" requires strict adherence to the income eligibility guidelines of section 1396a(a)(17)(D). The plaintiff asserts that the DHS violated § 40-8-3(e) when it applied income eligibility rules which included stepparent income in denying Medical Assistance benefits to her children.
Relevant to determining whether DHS had the statutory authority to promulgate new rules on income eligibility which include stepparent income under G.L. § 40-8-3(e), is the phrase "in accordance." "In construing a statute, our task is to effectuate the intent of the legislature." D'Ambra v. NorthProvidence School Committee, 601 A.2d 1370, 1374 (R.I. 1992). The words in the statute must be given their plain and ordinary meaning. Id. The word "accordance" has been defined to mean in "agreement; harmony; concord; conformity." Cupertino SanitaryDist. v. Board of Supervisors, 25 Cal.Rptr. 8, 12 (1st Dist. App. Div. 2, 1962). The phrase "in accordance with statute X" does not necessarily mean a literal word for word incorporation of that statute. Id.
In construing the intent of the Legislature, Courts often look at other related legislation. See Id. Throughout the state legislation on Medicaid (G.L. 40-8-1 et seq.), an intent to comply with the federal requirements is evident. In Re GrandJury Investigation, 441 A.2d 525, 529 (R.I. 1982). The federal requirements include a "broad framework set by the federal government through the [Social Security] Act." GreeneryRehabilitation Group Inc. v. Sabol, 841 F. Supp. 58, 60 (N.D. N.Y. 1993). In the instant case the requirements include title XIX of the Social Security Act, regulations promulgated by the Secretary of HHS, and the waiver provisions of 42 U.S.C. § 1315
which apply to section 1396a of title XIX. All three help define what is required of DHS in setting income eligibility rules. The federal requirements are subject to change by the granting of a waiver. Section 40-8-12 authorizes changes in the state plan to avoid inconsistencies with the Social Security Act, and its federal requirements.
Clearly then, the intent of § 40-8-3(e) is not literally to transpose 42 U.S.C. § 1396a (a)(17)(D) upon state legislation. The statute does not say "as provided by" but rather "in accordance with." The intent of § 40-8-3(e) is for DHS to enact income rules which are in harmony with the federal scheme of title XIX of the Social Security Act. The existence of a section 1315 waiver from the provisions of section 1396a (a)(17)(D) demonstrates that DHS acted in harmony with the federal scheme when it promulgated medical assistance eligibility rules which included stepparent income. The waiver allowed DHS to act consistently with the federal scheme and within the stepparent income authority of G.L. § 40-8-3(e).
Income Eligibility Calculation
Additionally, the plaintiff contends that DHS followed unlawful procedure in computing medical assistance eligibility for her children. The plaintiff argues that DHS impermissibly counted the stepfather's income in making its determination. As discussed above, inclusion of stepparent income in eligibility determinations is lawful under a section 1315 waiver from the provisions of 42 U.S.C. § 1396a and under G.L. 40-8-3(e).
Not only did DHS receive HHS approval for a specific waiver, but it also received HHS approval for changes in the income methodology contained in the state plan. The Secretary of HHS is given great deference for her construction of a Medicaid statute.Himes v. Sullivan, 779 F. Supp. 258 (W.D. N Y 1991). In reviewing DHS's methodology for computing income eligibility, this court is satisfied that DHS acted consistently-with federal and state law.
The court finds that the DHS's decision denying medical assistance benefits to the plaintiff's children did not violate42 U.S.C. § 1396a (a)(17)(D) and G.L. § 40-8-3(e). The DHS had statutory authority to enact DHS Manual section 0334.10.15 which counts stepparent income in medical assistance eligibility determinations. The DHS applied the rules of its manual and calculated the plaintiff's household unit income in accordance therewith.
After review of the entire record, the Court finds that the agency's denial of benefits to the plaintiff's children was not in violation of constitutional or statutory provisions, was not in excess of the statutory authority of the agency, was made upon lawful procedure, and was not clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. The DHS's actions were not arbitrary or capricious or characterized by an abuse of discretion and not affected by other error of law. Accordingly, the plaintiffs appeal is denied, and the decision of the DHS appeals officer is hereby affirmed.
Counsel shall prepare the appropriate judgment for entry.