GEORGE H. LUMB *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BRISTOL.

NOVEMBER 29, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review the action of the respondent board in granting a permit for the erection of a building to be used in the manufacture of boats on a tract of land located in a residential zone. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that Charles DeWolf Brownell is presently the owner of the land in question, which at one time comprised a portion of the property used by the Herreshoff Manufacturing Company, a firm that had long engaged in the building of vessels of various types and sizes. The land, commonly known and hereinafter referred to as the "Lower Yard," is located on the westerly side of Hope street in the town of Bristol. It is not disputed that Brownell and the Pearson Corporation, hereinafter referred to as the applicants, have entered into a contract for the sale and purchase of said tract.

On February 19, 1960 applicants applied to the inspector of buildings of said town for a permit for the erection of a building at the Lower Yard to be used in the business of manufacturing boats. This application was subsequently denied by the building inspector on the ground that the Lower Yard is located in a zone that by the terms of the ordinance is restricted to residential uses.

The applicants thereupon appealed that decision to the respondent board, and a hearing thereon was held on April 7, 1960, at which time applicants contended that the building inspector erred in denying their application because the Lower Yard had been used in the manufacture of boats at the time of the enactment of the zoning ordinance on March 12, 1931. They urged that they are therefore entitled to use the property to build boats under the provi-

sions of the ordinance. In support of this contention applicants relied upon the provision of section 17 (7) of the zoning ordinance, which reads in pertinent part: "A * * * boat storage yard, boat building plant, ship yard * * * existing in any district at the time of the passage of this ordinance * * * shall be deemed a conforming use upon the plot devoted to such use at the time of the passage of this ordinance."

At the hearing before the board petitioners argued that if applicants were to prevail, it would be necessary that they establish, first, that the activity carried on by the Herreshoffs in March 1931 in the Lower Yard was boat building within the meaning of the ordinance and, second, that the processes and techniques employed presently by them in the construction of boats are identical with those employed by the Herreshoffs at that time. The petitioners adduced considerable evidence which tended to prove that the Herreshoffs were not engaged in boat building in the Lower Yard in 1931 and, pursuant to their second contention, sought to introduce evidence tending to prove that the boat building operations presently employed by applicants are not identical with those employed by the Herreshoffs at the Lower Yard in 1931. The board excluded all of the latter testimony on the ground that applicants were not required to establish that the boat building operation presently conducted by them is identical with that conducted by the Herreshoffs in 1931. The testimony adduced by applicants at that hearing was limited to that tending to prove that the activities of the Herreshoffs in the Lower Yard in March 1931 constituted boat building within the meaning of the ordinance.

The respondent board thereafter made an exhaustive analysis of the conflicting evidence on the question of the nature of the activities carried on by the Herreshoffs at the Lower Yard in March 1931 and found that such activities did constitute boat building within the meaning of the

ordinance and that the Herreshoffs had operated a boat building plant at the Lower Yard at that time. By implication at least the board also found that the activities of the applicant Pearson Corporation constitute boat building within the meaning of the ordinance. The board thereupon sustained the appeal, reversed the decision of the building inspector, and ordered the permit to issue.

It is our opinion that the decision thus reached by the respondent board was based on legal evidence and therefore was not arbitrary and will not be disturbed by this court. When this court is called upon to review the action of a zoning board of review on certiorari, we will not in the absence of some unusual or compelling circumstance weigh the evidence. Our inquiry ordinarily is limited to ascertaining whether the decision is based upon some legal evidence. Where such legal evidence is found, the decision is not arbitrary and will not be disturbed. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 155 A.2d 333.

We perceive no error in the action of the board in excluding testimony offered by petitioners for the purpose of establishing that the processes presently employed by Pearson Corporation in boat building differ substantially from those employed by the Herreshoffs in 1931. It is true that these hearings are considered as being informal in character and that the boards are allowed a considerable latitude in the conduct thereof. *Woodbury* v. *Zoning Board of Review*, 78 R. I. 319. This latitude is limited, however, by a fundamental requirement that such hearings be basically fair and impartial, and in the course thereof such boards may not refuse arbitrarily to receive and consider material evidence on the issues being tried.

However, it is our opinion that in excluding such evidence the board did not act arbitrarily, inasmuch as the evidence offered was not probative of a material issue in the case. The board refused to entertain the proffered testimony because of the view that it took as to the scope

of the ordinance. It clearly appears from the record that the board considered that boat building within the contemplation of the ordinance was the building of boats, whatever processes or techniques might be employed to that end. It therefore concluded that the issue of whether the processes employed by Pearson Corporation presently do or do not differ from those that had been employed by the Herreshoffs in 1931 was not material.

The board, in our opinion, correctly conceived the scope of the ordinance. Whether the town council in enacting sec. 17 (7) departed from an accepted format, its clear intention was to include in the comprehensive plan of zoning for the town boat building as a permitted use in whatever zones it was being conducted at the time of the enactment of the ordinance. It is our opinion that the council in so legislating intended to use the term "boat building" in a broad and comprehensive sense. We will not presume that the council used the term "boat building" in a restricted and narrow sense at the very time that it was giving that industry the status of a permitted use in any zone in which it was then being conducted. Had it been intending to legislate restrictively, clearly it would have been unnecessary to enact sec. 17 (7), as it could have left the boat building industry in the circumstances to the provisions of the ordinance concerning nonconforming uses. It must be conceded that the council in enacting sec. 17 (7) could hardly have contemplated the construction of boats from plastics and Fiberglas, but it does not follow that it intended to legislate concerning boat building for an indefinite period in the future as limited by the techniques and processes then employed in that industry. Clearly it must have been within the contemplation of the council at that time that other techniques and processes would evolve in that industry.

There remains petitioners' contention that the record of the board's action should be quashed because the perti-

nent section of the zoning ordinance is invalid in that the town council in enacting it exceeded the jurisdiction conferred upon it by the enabling act. It is well settled in this state that certiorari does not lie to review matters that are purely legislative or administrative in character. The writ ordinarily operates subject to its common-law limitations which confine its use to a review of judicial or quasi-judicial proceedings. *Godena* v. *Gobeille,* 88 R. I. 121, 143 A.2d 290; *Phillips* v. *McLaughlin,* 82 R. I. 224. But see *Thayer Amusement Corp.* v. *Moulton,* 63 R. I. 182.

The writ functions within these limitations in cases involving the enactment, amendment, or repeal of zoning ordinances. A town council acting to enact, amend, or repeal a zoning ordinance is engaging in a purely legislative action. In *Alianiello* v. *Town Council,* 83 R. I. 395, this court said at page 398: "The state enabling act * * * provides that a town may enact a zoning ordinance, and in general leaves the comprehensive plan of locating particular zoning districts solely to the town council acting as a legislative body. It further authorizes the town council to amend an ordinance by changing the lines of established zones. In that connection we have held that such jurisdiction may be exercised only by the town council acting legislatively rather than by a town council or zoning board of review acting as *quasi* judicial or administrative bodies."

That the writ is prescribed in the enabling act as a method for obtaining a review of decisions of zoning boards of review does not extend its operative effect to include a review of proceedings in zoning matters that are legislative in character. In *R. I. Home Builders, Inc.* v. *Hunt,* 74 R. I. 255, this court said at page 259: "A close examination of the act discloses no provision therein which either in express language or by necessary implication gives a party, who considers himself aggrieved by the action of a city or town council in enacting, amending or repealing a zoning ordinance, a review of such action as of right by certiorari.

This does not mean that the petitioner is left without remedy. When his rights are injured or substantially threatened with injury by the enforcement of the alleged illegal amendment to the zoning ordinance and he is able to establish the illegality of such amendment, he has ample remedy through the ordinary proceedings in equity."

It is our conclusion that the decision of the respondent board wherein it was found that the applicants had established that a boat building plant had been conducted in the Lower Yard by the Herreshoffs in March 1931 was supported by competent evidence and therefore was not arbitrary. In such circumstances the respondent board acted within its jurisdiction in reversing the decision of the building inspector and ordering issuance of the building permit for which application was made.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The records in the case which have been certified to this court are ordered returned to the respondent board.

*Crowe, Hetherington & Chester,* for petitioners.

*Frank L. Martin,* Town Solicitor, for respondent.