GEORGE P. NICKERSON *vs.* MARTIN V. CASS, JR. *et al.*

JANUARY 18, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

496

[redacted]

FROST, J. This is a bill in equity filed September 15, 1953 against various respondents for the purpose of impressing a trust for the benefit of the complainant upon certain land located in the town of Lincoln. The respondent Martin V. Cass, Jr. filed a demurrer to the bill on the ground of laches. The demurrer was sustained by the trial justice and to an amended bill the same respondent again demurred on the ground of laches. From a decree sustaining the demurrer to the amended bill the complainant has duly prosecuted an appeal to this court.

It appears from the amended bill that on January 13, 1919 Mary Cass, the owner of a tract of land in the town of Lincoln containing approximately 23 acres, executed a mortgage thereon to Emery M. Porter individually and as trustee, which is duly recorded; that on January 14, 1919 she conveyed the real estate to herself, Martin V. Cass, Sr. and John F. Autran in trust under a deed of trust dated December 8, 1915, recorded in said town of Lincoln, and known as the City and Suburban Land Trust; and that the trustees caused said real estate to be platted and laid out in lots, which plat was recorded and entitled "Prospect Terrace made by J. A. Latham and Son C. E. June 19, 1919."

It also appears that on June 19,1919 the trustees entered into a written agreement with complainant for the purchase and sale of lots numbered 8 and 9 on "Prospect Terrace"

plat, which was duly recorded; that it provided that the purchase price would be $638 payable $75 upon the signing of the agreement and $2 a week thereafter until the principal sum was paid; that complainant paid the entire principal sum, the last payment being made on September 13, 1926; that he was never given a deed by the trustees; and that the town of Lincoln billed complainant for taxes on the lots which were paid by him until 1949.

The complainant has alleged on information and belief that all of the trustees of City and Suburban Land Trust have deceased, of whom the last was Mary Cass who died on January 29, 1947.

It appears further that Martin V. Cass, Jr. was appointed executor of her estate on February 4, 1947; that when he was executor he obtained a transfer of the Porter mortgage from the holder thereof; that as mortgagee he foreclosed the mortgage and in his own name became the purchaser at foreclosure sale; and that he thereafter conveyed the property to himself by deed dated September 16, 1948.

It appears further that lots numbered 8 and 9 were sold to respondents Francis and Susanna Kelley by deed dated April 17, 1950; that they executed a mortgage to respondent Rhode Island Hospital Trust Company dated July 14, 1950; and that subsequently the Kelleys conveyed lot 9 to respondents Ludger Ferland and Alma Ferland by deed.

It is alleged further that respondent Cass in his capacity as executor knew of the existence of the rights of complainant in the property and that the foreclosure was designed to wrongfully divest him of his interest therein. The bill prays that lots numbered 8 and 9 be charged with a trust for the benefit of complainant. The respondent Cass demurred to the amended bill on the single ground of laches.

In the absence of the terms of the agreement to purchase lots 8 and 9 it would seem that complainant was entitled to a deed to the lots upon payment of the purchase price and in default of such deed to make a demand therefor

within a reasonable time. 55 Am. Jur., Vendor and Purchaser §312, p. 744. No deed was offered to complainant nor did he demand one.

A period of twenty-two years intervened between the time when complainant completed payment on the lots and the time when the lots were conveyed after foreclosure sale to Martin V. Cass, Jr. During this entire period there was nothing due Cass or his predecessors in title from complainant, and Cass or his predecessors in title could have given him a deed to lots 8 and 9 at any time.

It does not appear that complainant had actual notice of the foreclosure sale or that he failed to exercise diligence in bringing suit upon learning of such sale.

As is said in 19 Am. Jur., Equity §498, p. 344, "The question as to whether the elements of laches have been established in any particular case is, of course, one of fact and calls for the exercise of a sound discretion by the trial court."

We are of the opinion that while there has been a very long delay in this case it is due as much to the respondent Martin V. Cass, Jr. and his predecessors in title as to the complainant and that therefore the respondent Cass is in no position to plead laches.

The complainant's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

## ON MOTION FOR REARGUMENT.

### FEBRUARY 1, 1962.

PER CURIAM. After our decision in the above cause was filed, the respondent Martin V. Cass, Jr. asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion stating therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Gerald A. Oster, Irving N. Espo,* for complainant.

*Abedon & Abedon, Richard L. Abedon,* for respondent.