MARGARET TUITE *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WOONSOCKET.

MAY 27, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of the city of Woonsocket wherein that board granted an application for a variance to the terms of the zoning ordinance permitting the applicant to erect an addition to a building being used as a home for elderly persons. Pursuant to the writ the respondent board has returned to this court a certified copy of the records of the proceedings in that matter.

On a prior petition for certiorari, *Tuite* v. *Zoning Board of Review*, 95 R. I. 12, 182 A.2d 311, we reviewed the action of the board in granting a variance for the erection of the addition which is again being proposed by the applicant, and reference is made thereto for a statement of the facts material to the issues. In that case the board found that unnecessary hardship had resulted from the action of the fire department of the city of Woonsocket directing the applicant to discontinue housing residents of the home on the third floor thereof. We quashed that decision on the ground that it was not the unnecessary hardship contemplated by the provisions of G. L. 1956, §45-24-19 (c), and remanded the case to the board for its further consideration.

In the remand we directed the board's attention to the nonconforming character of the use that the applicant was making of the premises. We held that this use constituted a valid nonconforming use under the provisions of the zoning ordinance and noted that in sec. 4.71 thereof it is provided: "No building or use which is nonconforming shall

hereafter be remodeled or expanded in size or in scope of operation."

We expressly sustained the contention of the board that it had jurisdiction to grant a variance under the provisions of §45-24-19 (c) upon a showing that a literal enforcement of the pertinent provisions of the ordinance would result in the unnecessary hardship contemplated in the enabling act. We went on to indicate that the purpose of the remand was to permit the board to determine whether a literal application of the terms of sec. 4.71 of the ordinance would result in the unnecessary hardship that would warrant affirmative action by the board upon the instant application.

The board thereafter heard the application de novo because of a change in its membership and by unanimous vote granted the application for a variance. It appears that the board's legal advisor had informed it that the application was for a variance and that a grant thereof could be made only on the basis of unnecessary hardship. The reasons given by the board are stated expressly in its decision as follows: "1) The applicant cannot use the structure as a single family residential home; 2) Unless applicant can use this property for a home for the elderly, she will have to abandon the property and thereby lose all beneficial use thereof * * *."

The board refers also to sec. 10.32 of the zoning ordinance, which purports to relate to variances and to confer authority upon the board of review to vary the application of the terms of the ordinance which prescribe dimensional restrictions on use of land that "would result in practical difficulties to, or undue hardship upon, the owner of such property * * *." We do not perceive that this reference is relevant. If the section of the ordinance above quoted purports to enlarge or, for that matter, restrict the jurisdiction of the board to grant a variance conferred upon it

by the provisions of the enabling act, it is a nullity. *Mello v. Board of Review,* 94 R. I. 43, 47, 177 A.2d 533, 535. If, on the other hand, it is intended only to confer authority upon the board to vary ordinance provisions which regulate permitted uses, it is, in this case at least, surplusage and without pertinence to the issues brought before us by the writ of certiorari.

The board in its decision made no specific reference to the provisions of sec. 4.71 which, if literally applied, would result in unnecessary hardship to the applicant. However, in view of the direction set out in the remand and of the nature of the evidence adduced concerning the structural changes contemplated by the owner of the property, we are of the opinion that the board was making a prerequisite finding of unnecessary hardship upon the basis of a literal application of the terms of sec. 4.71 which prohibit the remodeling or expansion of nonconforming uses. In other words, the decision impliedly complies with the direction in the remand. Pursuant thereto the board, after a hearing, found that a literal enforcement of the provisions of sec. 4.71 would deprive the applicant of all beneficial use of the property.

The petitioners argue that there is no legal evidence to support the finding of unnecessary hardship; that their objections to the admission of evidence as being immaterial or irrelevant were erroneously overruled; and that if such evidence had been excluded as required by the rules of evidence the record would be barren of any evidence supporting the finding of unnecessary hardship. This contention raises primarily a question as to the extent to which zoning boards of review may disregard the rules of evidence and procedure that are observed ordinarily in judicial proceedings.

It is our well-settled rule that zoning boards of review are not required to observe strictly rules of evidence and that

in the conduct of hearings they are not obliged to act with formality but are allowed a considerable latitude with respect to such matters. *Lumb* v. *Zoning Board of Review*, 91 R. I. 498, 165 A.2d 504. These boards, however, are not without some restraint in the conduct of their hearings and they may not so conduct them as to deprive parties thereto of a fair and impartial hearing. In the *Lumb* case this court referred to the informal nature of these hearings, saying at page 506: "This latitude is limited, however, by a fundamental requirement that such hearings be basically fair and impartial, and in the course thereof such boards may not refuse arbitrarily to receive and consider material evidence on the issues being tried." In *Zimarino* v. *Zoning Board of Review*, 95 R. I. 383, 187 A.2d 259, we reiterated the view that in the conduct of hearings zoning boards are not required to observe strictly the rules of evidence that apply ordinarily in judicial proceedings.

Neither can we agree with petitioners' contention that there is no legal evidence which would warrant an exercise of its fact-finding power by the board. In *Zimarino* v. *Zoning Board of Review, supra,* we said that a board of review may exercise its fact-finding power on the basis of "any evidence that is not incompetent by reason of being devoid of probative force as to the pertinent issues." It is our opinion that an examination of the record here reveals evidence which is relevant and material to the issue of unnecessary hardship and that therefore it is the reasonably competent evidence that was contemplated by this court in *Robinson* v. *Town Council*, 60 R. I. 422.

We turn now to consider petitioners' argument that the evidence adduced at the hearing on remand is not sufficient to establish that a literal application of the provisions of sec. 4.71 of the ordinance will deprive the applicant of all beneficial use of the property in question. The petitioners argue that at the most this evidence would establish only

that in all the circumstances a literal enforcement of sec. 4.71 would make the operation of the home less profitable. We are unable to agree with petitioners' contention that the state of the evidence is such as to preclude a finding of unnecessary hardship. However, it is clear that this argument goes merely to the weight of the evidence which relates to the effect of the loss of space on the operation of the home. It is well settled that this court will not pass upon the weight of the evidence when reviewing the finding of a zoning board of review in the absence of a showing of some compelling circumstance for so doing. *Lumb* v. *Zoning Board of Review, supra.*

It is our opinion that the board of review in the instant case in undertaking to reconsider the application for a variance did so in compliance with the instructions contained in the remand of this court. Its finding of unnecessary hardship constitutes a determination that a literal enforcement of the terms of sec. 4.71 would deprive the applicant of all beneficial use of the property. Therefore, its decision to grant the application for a variance is supported by legal evidence and is not arbitrary.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered returned to the respondent board.

*Irving I. Zimmerman,* for petitioners.

*Louis M. Macktaz, Janice A. Fournier,* Assistant City Solicitor, for respondent.