Edward A. CASWELL et al.

v.

GEORGE SHERMAN SAND &
GRAVEL CO., INC.

No. 79-55-M.P.

Supreme Court of Rhode Island.

Jan. 21, 1981.

Hinckley, Allen, Salisbury & Parsons,
Howard E. Walker, Providence, for peti-
tioners.

Hinckley & Spangler, Mark S. Spangler,
Lawrence E. Rothstein, Narragansett, Ada-
mo & Newman, Edward H. Newman, West-
erly, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This petition for certiorari was brought
to review a Superior Court judgment af-
firming a decision of the Zoning Board of
Review of the Town of South Kingstown
(the board). The board had granted the
petition of the respondent for a special ex-
ception to operate a stone crusher on its
property. On appeal, the Superior Court
affirmed the decision of the board, stating
that the board had adequately responded to
the evidence in this particular case. The
petitioners petitioned this court for the is-
suance of a writ of certiorari to review the
Superior Court's decision affirming the
board's grant of a special exception to the
respondent. We granted the petition and
issued the writ on March 22, 1979. *Caswell
v. George Sherman Sand & Gravel Co., Inc.*,
R.I., 401 A.2d 54 (1979). Pursuant thereto,
transcripts and exhibits relevant to this
matter have been certified to this court.

Upon application to the board in March
1974, respondent, Sherman Sand & Gravel
Co., Inc., was granted a special exception
for a two-year period to operate a stone
crusher as an accessory use to its sand and
gravel operation on land located at Curtis
Road, South Kingstown, Rhode Island.

Upon expiration of the period of the
aforesaid permit, respondent in May of 1976
applied for an exception to allow it to con-

tinue operating the stone crusher as an accessory use to the sand and gravel operation. The petitioners, who reside across the road from the sand and gravel operation, opposed the petition on the grounds that a sand and gravel operation was not only an illegal use but was also inimical to the public health, safety, and welfare. The original applicable zoning ordinance adopted in January 1951 zoned respondent's property residential, but permitted gravel operations by special exception. In March 1976, however, the zoning ordinance was further amended to prohibit a gravel-removal operation even by special exception.

Such being the case, petitioners contend that the evidence does not establish a substantial prior use, but only an occasional use. Moreover, petitioners assert that because an accessory use cannot exist independently of a valid principal use and respondent did not enjoy a valid nonconforming use, respondent was not entitled to a special exception that would permit the operation of the stone crusher as an accessory use.

Following the hearing on the application for a special exception, the board rendered its decision indicating that a valid nonconforming use had been established upon which an accessory use could properly attach. The board relied primarily on a report submitted by a building inspector which concluded that respondent's gravel-removal operation was a nonconforming use. Accordingly, the board granted respondent a special exception to continue to operate a stone crusher as an accessory use.

The petitioners appealed the decision of the board to the Superior Court pursuant to G.L. 1956 (1970 Reenactment) § 45–24–20.[1] Upon a careful review of the record and all evidence before the board, the trial justice found that the board had properly weighed the evidence that was presented to it and

had "made intelligent judgments as to the factual questions presented to it." Accordingly, the trial justice denied petitioners' appeal and affirmed the decision of the board.[2] The sole issue presented is whether there is sufficient evidence to support the board's decision that the operation of a sand and gravel business was a valid, nonconforming use upon which respondent's special exception for an accessory use could properly attach.

I

In numerous instances we have posited that in reviewing a decision of a zoning board of review, the trial justice "must examine the whole record to determine whether the findings of the zoning board were supported by substantial evidence." *Toohey v. Kilday*, R.I., 415 A.2d 732, 735 (1980); *DeStefano v. Zoning Board of Review of Warwick*, R.I., 405 A.2d 1167, 1170 (1979); *Apostolou v. Genovesi*, R.I., 388 A.2d 821, 824 (1978). Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means in amount more than a scintilla but less than a preponderance. *Apostolou v. Genovesi*, R.I., 388 A.2d at 824–25; *see Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971); *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972).

In the instant case, respondent presented testimony through one of its agents that a gravel operation was operating on the premises sometime in the 1940's, prior to enactment of any zoning ordinances.[3] The petitioners did in fact admit that sand and gravel operations did take place sporadically, but that such instances were not on the level of the operation as it exists at the present time. Additionally, a report prepared by the building inspector pursuant to

---

1. General Laws 1956 (1970 reenactment) § 45–24 20, has since been reenacted by P.L. 1980, ch. 366 and is codified at G.L. 1956 (1980 Reenactment) § 45–24–20.

2. The trial justice also denied a counterclaim that had been included in respondent's answer.

The question presented by the counterclaim, however, is not part of the present appeal.

3. The first zoning ordinance in the town of South Kingstown where respondent's premises are located was enacted in 1951.

a request from the board indicated that unquestionably gravel operations did take place prior to enactment of the zoning ordinance.

In reviewing zoning-board decisions, the Superior Court shall not "substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact" unless the decision was arbitrary or an abuse of discretion. General Laws 1956 (1980 Reenactment) § 45–24–20. On certiorari to this court, we must scrutinize the record as a whole to determine "whether legally competent evidence exists to support the findings of the court below." *Toohey v. Kilday*, R.I., 415 A.2d at 735; *DeStefano v. Zoning Board of Review of Warwick*, R.I., 405 A.2d at 1170. In view of all the evidence presented to the board and reviewed by the Superior Court trial justice, we find that the ascertained facts upon which the board relied in its decision sufficiently and reasonably support the finding that a valid non-conforming use had been established upon which an accessory use could attach.[4] Moreover, we do not find that the board's decision was arbitrary or an abuse of discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the certified records to this court are remanded to the Superior Court with our decision endorsed thereon.

---

4. There is some question whether this evidence supporting the conclusion that respondent maintained a valid nonconforming use is legally competent, since it is, at least in part, hearsay evidence. We have stated previously however, that in zoning matters, a reviewing board is not required to comply strictly with the rules of evidence. *Tuite v. Zoning Board of Review of Woonsocket*, 96 R.I. 307, 310–11, 191 A.2d 155, 157 (1963); *Zimarino v. Zoning Board of Review of Providence*, 95 R.I. 383, 386–87, 187 A.2d 259, 261 (1963). As long as the board affords a fair and impartial hearing to both parties, considerable latitude with respect to these matters is allowed. *Lumb v. Zoning Board of Review of Bristol*, 91 R.I. 498, 502, 165 A.2d 504, 506 (1960).