DECISION
Before the Court is a timely appeal from a decision of the Rhode Island State Labor Relations Board (hereinafter referred to as the Board). Jurisdiction in the Superior Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
FACTS AND PROCEDURAL HISTORY
A review of the record indicates that the State of Rhode Island, Department of Corrections (hereinafter referred to as the State) appeals the Board's Decision and Order (hereinafter referred to as the Decision) entered November 26, 1993, finding that the State committed an unfair labor practice by failing to bargain over the wages, hours, and working conditions of the State's employees in the position of Security Specialist. Before the Board, the parties agreed to stipulated facts and witness testimony was waived. (Tr. p. 2).
The Court herein incorporates the following factual findings of the Board which were derived from the parties' stipulated facts:
 1) On September 9, 1991, the Rhode Island Brotherhood of Correctional Officers (hereinafter referred to as the Union) requested that the Board include, inter alia, the position of Security Specialist into an existing department bargaining unit defined in Case No. EE-2003.
 2) In a letter to the Board on December 4, 1991, the State of Rhode Island Department of Corrections (hereinafter referred to as the State) provided the Board with a summary of the Security Specialist position duties and responsibilities.
 3) Upon investigation and after a January 6, 1992 meeting, the Board, on January 15, 1992, informed the State that, "the position of `Security Specialist' does not meet the Board's criteria for exclusion based on supervision or confidentiality and should rightfully be included with the bargaining unit. . . ."
 4) Notice of the said determination was mailed to Department of Corrections Director George C. Vose, Anthony A. Bucci and John J. Turano, Esquire, State Labor Relations Administrator.
 5) The Board did not conduct a formal hearing on the accretion request.
 6) At that time, the State did not request a formal hearing by the Board on its determination to accrete (include) the Security Specialist position.
 7) The State did not seek Court review of said determination.
 8) Subsequent to January 15, 1992, the Union and the State entered into collective bargaining negotiations for a successor collective bargaining agreement.
 9) During such negotiations, the Union requested bargaining on the wages, hours, and working conditions of employees in the classification of Security Specialist.
 10) The State refused to bargain relative to the wages, hours, and working conditions of employees in the classification of Security Specialist on the basis that such position had not been appropriately accreted into the bargaining unit.
 11) On March 20, 1992, the Union alleged an unfair labor practice against the State because it refused to collectively bargain with the Union concerning the wages, hours, and working conditions of the employees designated as Security Specialists.
 12) On May 8, 1992, our Supreme Court decided the case of Barrington School Committee v. Rhode Island State Labor Relations Board, 608 A.2d 1126 (R.I. 1992).
 13) On January 4, 1993, acting pursuant to Title 38, Chapter 7, Section 21, the Board issued a Complaint against the State for this alleged unfair labor practice, citing violation of Title 28, Chapter 7, Sections 13(6) and 13(10).
 14) On January 13, 1993, the State, for the first time, requested a formal hearing before the Board regarding its decision to accrete the Security Specialist position into the bargaining unit.
 15) On the basis of untimeliness, said request was denied by the Board on February 10, 1993.
 16) In the absence of any appeal by the State, the Board's January 15, 1992 decision accreting the Security Specialist position into the bargaining unit became the law of [the unfair labor practice] case.
 17) The Board found that the refusal of the State to negotiate with the Union over the wages, hours, and working conditions of employees in the position of Security Specialist was a violation of G.L. 1956 (1995 Reenactment) § 28-7-13(6) and 13(10). (Decision, pp. 7-9).
On November 26, 1993, the Board entered its Decision finding the State guilty of an unfair labor practice. The Board found that the State's January 13, 1993 request for a formal hearing on the Board's January 15, 1992 inclusion of the position of Security Specialist into the bargaining unit was untimely. Additionally, the Board determined that as a result of the May 8, 1992 Barrington decision it was incumbent on the State to appeal the Board's denial of said request to the Superior Court.Barrington School Committee v. Rhode Island State Labor RelationsBoard, 608 A.2d 1126, 1130 (R.I. 1992) (". . . orders and other rulings related to employee representation matters are capable of being perfected for direct and immediate review in the Superior Court . . ."). Therefore, the Board determined that the issue of the Board's failure to conduct a formal hearing on the accretion was foreclosed from the subject unfair labor practice proceeding. The Board ordered the State to collectively bargain with the Union concerning the wages, hours, and working conditions of employees in the position of Security Specialist under their then current collective bargaining agreement.
On December 27, 1993, the State obtained a Superior Court stay of said Decision pending resolution of this administrative appeal. On May 22, 1995, our Supreme Court denied and dismissed an appeal of the stay by the Board and the Union because the stay is interlocutory and not subject to appeal. State of Rhode IslandDepartment of Corrections v. Rhode Island State Labor RelationsBoard, 658 A.2d 509 (R.I. 1995). Additionally, on December 27, 1993, the State filed this administrative appeal with jurisdiction based on R.I.G.L. 1956 (1993 Reenactment) § 42-35-15
and (1995 Reenactment) § 28-7-29.
STANDARD OF REVIEW
The review of a contested agency decision by the Superior Court is subject to Rhode Island General Laws, Section 15, Chapter 35, Title 42 of the Reenactment of 1993. Section 15 entitles a person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final order in a contested case to seek judicial review. R.I.G.L. 1956 (1993 Reenactment) § 42-35-15(a). Subpart (g) of § 42-35-15 states the standard to be applied by the Court in its review:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 "(1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the Agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. Rhode Island Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Agency's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897 (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (R.I. 1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Department of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, Agency determinations as to questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. Rhode Island Conflict of Interest Commission, 509 A.2d at 458. On review of the Superior Court's judgment, the Supreme Court determines whether legally competent evidence exists to support the decision of the Superior Court. Rhode Island PublicTelecommunications Authority v. Rhode Island Labor RelationsBoard, 650 A.2d 479, 485 (R.I. 1994).
COURT'S REVIEW OF THE CERTIFIED RECORD
In the Board's decision, the major issues addressed were: (1) whether the Board's determination accreting the Security Specialist position into the bargaining unit was reviewable by appeal of the subject Decision and (2) whether the State committed an unfair labor practice when it refused to bargain with the Union over the wages, hours, and working conditions of its employees in the position of Security Specialist.
ACCRETION OF THE SECURITY SPECIALIST
The State argues that because the position of Security Specialist had been improperly accreted into the bargaining unit, it committed no unfair labor practice. The State attacks the accretion determination because the Board failed to hold a formal hearing pursuant to § 28-7-9(b)(6).[1]
In opposition, the Union contends that the State is precluded from raising a representation defense in the unfair labor practice proceeding because the State waived any right to claim violation of § 28-7-9(b)(6) or, alternatively, that the State is estopped from claiming such a violation by its conduct following the Board's January 15, 1992 decision or that laches bars an appeal of the accretion determination.
In its Decision, the Board articulated the following undisputed evidence relating to the accretion determination. The stipulated facts, set out above in detail, provide that the Board informed the State on January 15, 1992 that the Security Specialist position was included in the bargaining unit. The Board did not conduct a formal hearing on the accretion request. The State did not request a formal hearing until nearly one year later and no appeal of said determination was taken. On January 13, 1993, several days after the Board issued the subject unfair labor practice complaint, the State requested a formal hearing on the Board's January 1992 accretion determination. Shortly after, on February 10, 1993, the Board denied the hearing request as untimely. The State did not seek judicial review of said denial prior to appealing the subject Decision. In view of theBarrington decision, the Board found the denial was a final ruling which "could have and should have been appealed to the Superior Court." Decision p. 5. Accordingly, the Board ruled that review of the Board's failure to conduct a formal hearing regarding the inclusion of the Security Specialist in the Union was foreclosed in the subject unfair labor practice proceeding.
From January 1992 to January 1993 the State failed to request a formal Board hearing on the accretion determination. In the May 1992 Barrington decision, our Supreme Court held that, ". . . orders and other rulings related to employee-representation matters (certification orders) are capable of being perfected for direct and immediate review in the Superior Court under the terms of the APA." Barrington School Committee v. Labor RelationsBoard, 608 A.2d 1126, 1130 (R.I. 1992). Reliance by the State on the pre-APA procedure of challenging a classification determination by refusing to bargain and then appealing a subsequent unfair labor practice claim is misplaced because the APA supercedes that procedure. Id.
Beyond the APA limitations on reaching the accretion and hearing issues in the subject unfair labor practice dispute, the State's conduct estops it from now complaining about those issues in this forum by application of the doctrine of laches. "Laches is negligence to assert a known right, seasonably coupled with prejudice to an adverse party. [Citation omitted]. Both elements, delay and prejudice, must be shown." Rodriques v. Santos,466 A.2d 306, 311 (R.I. 1983). With respect to the element of delay, such ". . . delay alone is not enough, the delay must be unreasonable." Adam v. Adam, 624 A.2d 1093, 1096 (R.I. 1993). "`The question as to whether the elements of laches have been established in any particular case is, of course, one of fact and calls for the exercise of a sound discretion by the trial court.'" Nickerson v. Cass, 93 R.I. 495, 498, 177 A.2d 384, 385-86 (R.I. 1962) (quoting 19 Am.Jur.2d Equity 498 at 344). In this case, the facts plainly indicate that the State's unreasonable delay in asserting its rights prejudiced the Union which was subsequently unable to bargain for the wages, hours, and working conditions of employees in the position of Security Specialist. Accordingly, this Court finds that the State here is estopped by its laches. See Gorham v. Sayles, 23 R.I. 449,50 A. 848 (R.I. 1901). Consequently, the Union's alternative waiver argument need not be addressed.
After reviewing the record, the Court finds that the Board's determination is not clearly erroneous. Accordingly, the Court affirms this finding by the Board.
UNFAIR LABOR PRACTICE BY THE STATE
Also at issue is whether the state's refusal to bargain about the Security Specialist constituted an unfair labor practice as charged. In its decision, the Board articulated the undisputed fact that, as charged, the State refused to bargain. Accordingly, the Board found that the State committed an unfair labor practice. When a Board's factual determination and credibility judgments in their decisions are supported by substantial evidence within the record, the Court must accept them. See RhodeIsland Public Telecommunications Authority v. Rhode Island LaborRelations Board, 650 A.2d 479, 485 (R.I. 1994) and NewportShipyard v. Rhode Island Commission for Human Rights,484 A.2d 893, 897 (R.I. 1984).
After reviewing the record, the Court finds that the Board's determination is not clearly erroneous. Accordingly, the Court affirms this finding by the Board.
CONCLUSION
After a review of the entire record, the Court finds that the decision of the Board is supported by reliable, probative and substantial evidence in the record. Accordingly, the November 26, 1993 decision of the Labor Relations Board is hereby affirmed.
Counsel shall submit the appropriate order for entry.
[1] Rhode Island General Laws 1956 (1995 Reenactment) §28-7-9(6) provides that, "all complaints of unfair practices shall be informally heard by the board within thirty (30) days upon receipt of such complaint. Within sixty (60) days upon receipt of such complaint the board shall hold a formal hearing. A final decision shall be rendered by the board within sixty (60) days after hearing on such complaint is completed and a transcript of the hearing is received by the board."