DECISION
Before this Court is an appeal from a decision of the Town of North Kingstown Zoning Board of Review (Board) upholding the building inspector's decision to cite Michael Alger (appellant) for violation of zoning ordinances, the state fire code, and the state building code. Jurisdiction is pursuant to G.L. 1956 §45-24-69.
 Facts/Travel
Appellant owns property located at 55 Lafayette Road in North Kingston (property). On January 10, 1984, the Town of North Kingstown building inspector first issued a notice of violation to the appellant. The violation alleged that the from building on the property had been converted to a four unit rental in violation of the village residential zone. The appellant filed an appeal of the violation to the Board, which upheld the issuance of the violation. The appellant then appealed to the Rhode Island Superior Court, which affirmed the Board decision. The appellant did not appeal the Superior Court decision. On June 22, 1989, the building inspector sent notice to the appellant informing him that the property was still in violation, and ordering him to abate the violation within 30 days. No further action is documented in the record until January 6, 1997, when the building inspector[1] issued a second notice of violation on the property. The notice stated that the appellant had converted the property from a two unit dwelling to a four unit apartment building in violation of town ordinance, the state fire code, and the state building code. The appellant appealed this notice of violation to the Board. The Board voted unanimously to affirm the decision of the building inspector. The appellant now appeals to this court.
On appeal, the appellant argues that his use of the property as a four unit dwelling was a preexisting, nonconforming use; that the Board is estopped from proceeding against him due to laches; and that the Board permitted irrelevant information to be included in the record. The appellant also argues that he was denied building permits contrary to law, and therefore, he could not correct the violations.
 Standard of Review
This court possesses appellate review jurisdiction of a zoning board of review decision pursuant to G.L. § 45-24-69(D):
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial tights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This court, when reviewing the decision of a zoning board of review, must examine the entire certified record to determine whether substantial evidence exists to support the finding of the zoning board of review. Salve Regina College v. Zoning Bd. ofReview, 594 A.2d 875, 880 (R.I. 1991) (citing DeStefano v. ZoningBd. of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979)); see also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more that a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978)). The essential function of the zoning board of review is to weigh evidence with discretion to accept or reject the evidence presented. Bellevue Shopping Ctr. Assoc. v. Chase,574 A.2d 760, 764 (R.I. 1990). Moreover, this court should exercise restraint in substituting its judgment for the zoning board of review and is compelled to uphold the board's decision if the court "conscientiously finds" that the decision is supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985) (quoting Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978)).
 Preexisting Nonconforming Use
The appellant argues that the property was used as a four unit dwelling some time between 1966 and 1982, and therefore, this properly as a four unit dwelling is a preexisting nonconforming legal use of the property. The Board argues that the appellant has not met his burden of showing substantial evidence that the property was used as a four unit dwelling prior to 1947 when the ordinances became effective.
The Rhode Island Supreme Court has held that "[i]n zoning law the doctrine of administrative finality bars `successive applications for substantially similar relief unless a substantial or material change of circumstances has occurred in the interval between the two proceedings.'" Costa v. Gagnon,455 A.2d 310, 313 (R.I. 1983) (quoting May-Day Realty Corp. v. Boardof Appeals of Pawtucket, 107 R.I. 235, 237, 276 A.2d 400, 401-02 (1970)).
In 1984 the appellant was cited for converting a two unit dwelling into a four unit dwelling on this same property. At that time, the appellant contended that his use of the property was a preexisting, nonconforming use and presented Tax Assessor field cards indicating that for some period the property was used as a four unit dwelling. On appeal to the Superior Court, the court held that "the old field card was not enough evidence to indicate a non-conforming use because it did not establish exactly when or for how tong it was used as a four-unit rental." See Alger v.Driscoll, et al, C.A. 85-0249, Jan. 5, 1988, Caldarone, J. As this is essentially the same argument presented for relief in 1985, administrative finality bars this repetitive petition. In addition, there is no evidence of a material change in circumstances.
 Laches
The appellant next argues that Board is estopped from pursuing this violation due to laches. Specifically, the appellant argues that because the Board had not taken any action against the appellant for approximately 7 1/2 years, the Board is estopped from any further enforcement action.
"The application of the doctrine of estoppel by laches is generally committed to the discretion of the trial justice."O'Reilly v. Town of Glocester, 621 A.2d 697, 703 (R.I. 1993) (citing Nickerson v. Cass, 93 R.I. 495, 498, 177 A.2d 384, 385-36 (1962)). "Laches is an equitable defense that involves not only delay but also a party's detrimental reliance on the status quo."Adam v. Adam, 624 A.2d 1093, 1096 (1993) (citing Grissom v.Pawtucket Trust Co., 559 A.2d 1065 (R.I. 1989)). Although the Rhode Island Supreme Court has not ruled on laches as an affirmative defense to zoning regulations, the issue has been considered by other jurisdictions.
In H.E. Sargent, Inc. v. Town of Wells, the Supreme Judicial Court of Maine held that "[d]elay which might forfeit a private person's right to have a zoning violation enjoined does not effect a similar right in a municipality." H.E. Sargent, Inc.,676 A.2d 920, 925 (Me. 1996) (citing Town of Falmouth v. Long,578 A.2d 1168, 1170 (Me. 1990). The court continued, "[t]hus, a municipality may maintain an action to enjoin [a] violation of a zoning ordinance although the violation has existed for more than 20 years without any objection being expressed by municipal officials." Id. at 926.
In addition, the New Jersey Superior Court has held that "a property owner may not, by unilateral action, `secure a nonconforming use based on a violation of the zoning ordinance.'"Township of Fairfield v. Likanchuk's, Inc., 644 A.2d 120, 126 (N.J. Super. A.D. 1994) (citations omitted). The court stated that "[n]o estoppel may arise against a municipality in such a case by reason of reliance on the part of the property owner or of acquiescence and laches by the municipality'" Id. The court further noted that "[a] municipality's `[p]rior tolerance of a use in violation of a zoning ordinance . . . will not estop the municipality from later enforcing the ordinance.'" Id. at 127.
In the present case, not only did the building inspector issue a violation in 1984 when the violation came to his attention, but also, the the matter was pursued to a final decision. There was a delay from the time of final decision until the subsequent notice of violation in January of 1997. However, testimony revealed that the building inspector believed that the town solicitor was proceeding against the appellant after issuance of the 30 day notice in 1989. (Zoning Board of Review, Sept. 7, 1997). The appellant has not shown any detrimental reliance on the delay by the Board, but in fact, he has benefited from having a four unit rental on his property instead of the permissible two unit dwelling. This court finds, like the New Jersey court, that the appellant may not secure a nonconforming use based on a zoning violation by reason of relying on laches by the municipality.
 Board Review on Appeal
The appellant next argues that the Board allowed irrelevant evidence to be admitted into the record. Specifically, appellant argues that a previous violation issued in 1984, regarding the same property and the same violation, is irrelevant.
Although a party may not be deprived of a fair and impartial hearing before a zoning board of review, it is well-settled that "zoning boards of review are not required to observe strictly rules of evidence. . . ." Tuite v. Zoning Bd. of Review of theCity of Woonsocket, 96 R.I. 307, 191 A.2d 155 (1963) (citing Lumbv. Zoning Bd. of Review, 91 R.I. 498, 165 A.2d 504 (1960). While a fair hearing is required, the determination of whether particular evidence is relevant, and therefore admissible, is within the discretion of the Board and will not be reversed unless clearly erroneous.
In the present case, the Board had before it a staff report from the Town of North Kingstown Department of Planning and Development. The report detailed the present request, lot size, existing zoning and land use, and summarized the zoning history of the property. The summarization included a record of the 1984 violation and subsequent judicial history.
With respect to whether there was a preexisting, nonconforming use of the property and whether ladies can be an affirmative defense against the municipality, the historical timeline of municipal action regarding the property is critical and material. This court finds that the decision of the Board to review the staff report as relevant to this appeal was not made upon unlawful procedure and substantial rights of the appellant were not prejudiced by admitting the staff report.
 Denial of Building Permit
Lastly, the appellant argues that he is unable to comply with the ordinances as he has been improperly denied building permits. It does not appear from the record that the appellant sought relief from the denial before the Board, and even if he had, this appeal is only concerned with the issuance of the notice of violation dated January 6, 1997. The denial of building permits is not properly before this court and shall not be considered.
In addition, at the September 7, 1997 hearing, some Board members stated their concerns as to whether this request should be before the Board due to the finality of the 1984 notice of violation. (Zoning Board of Review, Sept. 7, 1997). As the building inspector did issue a subsequent violation on January 6, 1997, the issue is properly before the Board. The court here finds sufficient evidence in the record to uphold the Board's decision affirming the building inspector's issuance of the notice of violation. However, this court notes that when a notice of violation has been litigated to finality, (see Gagnon, supra), the Board may, pursuant to the Town of North Kingstown Zoning and Building Ordinances § 21-6, issue monetary fines and may also bring suit to restrain the violation or compel compliance with ordinances.
 Conclusion
After review of the entire record, this court finds that the decision by the Board to sustain the notice of violation issued by the building inspector is supported by reliable, probative, and substantial evidence in the record and was not arbitrary or capricious or affected by other error of law. The court further finds that substantial rights of the appellant have not been prejudice
Counsel shall submit the appropriate order for entry.
[1] The building inspector issuing the second violation did not assume office until 1992, some time after the Superior Court's decision that upheld the Board's decision on the first violation, which was issued by the current building inspector's predecessor.