DECISION
Providence Preservation Society ("PPS"), West Broadway Neighborhood Association ("West Broadway"), and Risa Gilpin (collectively, "Appellants") appeal from a June 11, 2007 Decision of the Zoning Board of Review for the City of Providence ("Board"). In its Decision, the Board granted six variances requested by Lawton Family Realty, LLC ("Lawton Realty") and 19-21 Harrison St. Associates, LLC ("Harrison"), in order to convert a Warehouse into a twenty-unit residential property. Lawton Realty, Harrison, and the Board have objected to Appellants' Appeal. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 I Facts Travel
Appellee Lawton Realty currently owns 19-21 Harrison St. in Providence, Rhode Island ("Warehouse"), located at Plat 32, Lot 234, on which there is a structure previously used as a *Page 2 
warehouse. Lawton Realty sought to sell the property, and Appellee Harrison made an offer to purchase the Warehouse. Lawton Realty and Harrison then jointly submitted an application to the Board on December 11, 2006, seeking multiple variances in order to convert the Warehouse into a twenty-unit residential property. The Warehouse is located in a Residential-Three zone ("R-3"), as specified by the Providence Zoning Ordinance. Multi-family developments, up to three family units per 5,000 square foot lots, are permitted in R-3 zones. The Warehouse currently is unoccupied, though it was last used as a warehouse, which was a legal, non-conforming use of the property.
Lawton Realty and Harrison jointly applied for one use variance and five dimensional variances. The sought-after use variance would permit the conversion of the Warehouse into a twenty-unit residential property.[1] The five dimensional variances sought to allow a smaller front-yard setback than that which is required by the zoning ordinance; to add a structure to the Warehouse which contain house, a stairwell exceeding the height limitations in the zoning ordinance; to provide twenty-seven of the thirty required parking spaces; to permit paving of the front yard; and, to allow direct entrance and exit of the property to and from the street.
The Board held public hearings on Lawton Realty and Harrison's requests on February 27, 2007, and March 27, 2007. There was much discussion at both hearings, with numerous people speaking in favor of and against the granting of the variances. Many of the people *Page 3 
speaking against granting the variances expressed concern over the density of the proposed twenty-unit building and the dearth of parking that would be available on the property.
With respect to the parking concerns, Appellees Lawton Realty and Harrison represented to the Board that they had contracted to rent ten parking spaces from the nearby New Covenant Church for ten years. Lawton Realty and Harrison also explained that they had contracted to purchase a nearby property known as the US Gas Property, located on the corner of Dexter and Westminster Streets ("US Gas Property"), which would be used, in part, to provide an additional thirteen parking spaces for residents of the Warehouse. No evidence has been provided to this Court that the US Gas Property actually was purchased by either Lawton Realty or Harrison.
On June 11, 2007, the Board issued Resolution No. 9199, in which it granted all six of Lawton Realty and Harrison's requested variances. The Appellants filed this appeal of the Board's Decision on June 25, 2007.
On appeal, Appellants contend that their substantial rights have been violated because the Board's Decision was premised upon unlawful procedure, was clearly erroneous, was arbitrary or capricious, and was characterized by an abuse of the Board's discretion. The Appellants take particular issue with the use variance permitting twenty residential units and the dimensional variance permitting fewer than the required thirty parking spaces ("parking variance"). The Appellants further argue that the record lacks evidence supporting the conclusion that there is no other beneficial use of the Warehouse. Instead, Appellants contend that there may be other, permissible, beneficial uses, the existence of which would require the denial of the requested variances. Furthermore, Appellants assert that Lawton Realty and Harrison misled the Board by asserting that they could provide an additional thirteen parking spaces on the US Gas Property. *Page 4 
The Appellants maintain that providing thirteen parking spaces on the US Gas Property would violate the zoning ordinance to which that particular property is subject.[2]
The parties each have submitted numerous memoranda to the Court.[3]
After reviewing the entire record, this Court will now makes the following determinations.
 II Standard of Review
This Court reviews Zoning Board Decisions pursuant to G.L. 1956 § 45-24-69(d), which provides that:
 [t]he Court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
 Section 45-24-69(d).
When reviewing a decision, the Court must not substitute its judgment for that of the Board. Mendonsa v. Corey, 495 A.2d 257 (R.I. 1985). Instead, the Court must review the Board's Decision to determine whether there is substantial evidence on the record supporting it. *Page 5 R.J.E.P. Assoc. v. Hellewell, 560 A.2d 353 (R.I. 1989). The Rhode Island Supreme Court has defined substantial evidence as "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sand Gravel Co.,424 A.2d 646, 647 (R.I. 1981) (internal citations omitted).
In order to provide adequate reasoning such that the Court can properly review a Board's decision, a zoning board of review "must record [its] proceedings in sufficient detail to allow a reviewing court to ascertain the grounds of the decision." Holmes v. Dowling,413 A.2d 95, 98 (R.I. 1980) (internal citations omitted). Further, it is a longstanding rule of the Rhode Island Supreme Court that zoning boards "should set forth the ground or grounds for their decision, as this court is entitled to know the basis for their action." Robinson v. TownCouncil of Narragansett, 60 R.I. 422, 437, 199 A. 308, 314 (1938) (internal citations omitted).
 III Analysis A The Parking Variance
In its Decision, the Board found that although the zoning ordinances require thirty parking spaces for the proposed twenty residential units in the Warehouse, "with the purchase of the US Gas property, [the Applicant] would own 17 parking spaces and control an additional ten (10) spaces (those leased from the New Covenant Church) for a total of 27 parking spaces." Decision at 2. The Board also explained that "[t]he Applicant further noted that the US Gas Property was located in a C-1 zone and did not require any zoning relief in order to be used for parking." Id. Moreover, the Department of Planning and Development's written report, which *Page 6 
the Board considered, recommended granting the variances so long as the Applicant "was able to secure a total of 20 off-street parking spaces."Id. at 3.
The Appellants now assert that the US Gas Property cannot provide thirteen parking spaces for the Warehouse, because doing so would constitute parking as a principle use on that property, in violation of the C-1 zoning requirements. As a result, Appellants assert that Lawton Realty and Harrison misrepresented the facts to the Board, this resulting in an erroneous Decision that is unsupported by the record.
The Appellants primarily argue that Lawton Realty and Harrison incorrectly represented to the Board that permitting parking on the US Gas Property would not require zoning relief. They assert that providing the proposed thirteen parking spaces on the US Gas Property would constitute parking as a principal use, which is prohibited in C-1 zones. Implicit in asking this Court to decide that Lawton Realty and Harrison misrepresented to the Board that no zoning relief would be needed for the US Gas Property, is a request that this Court determine the zoning requirements of the C-1 zone as they apply to the US Gas Property, as well as whether Appellees' proposed use of that property would violate the zoning ordinance. In order to make these determinations, this Court would first need to guess what the use of the property would be, if it is purchased.
The Appellees assert that they did not misrepresent the facts to the Board, and that providing parking on the US Gas Property would not violate the zoning ordinance because they plan to primarily use the property as a management office for the Warehouse. They contend further that any parking on the property will be an accessory use thereof, which is permitted by the zoning ordinance. *Page 7 
The zoning ordinance defines "[p]arking, principal use" as "[o]ff street parking of automobiles on one (1) or more lots where parking spaces for more than four (4) automobiles are available for public use whether free, for compensation or to satisfy parking requirements of a principal use on separate and noncontiguous lots." Providence Zoning Ordinance Art. X, § 1000.110. Parking as an accessory use of property is defined as "[o]ff-street parking of automobiles on the same or contiguous lot as a principal use where said parking is established or required in conjunction with the principal use." Id. at § 1000.109. The Appellants have accurately asserted that parking as a principal use is prohibited in the West Side Overlay District. Providence Zoning Ordinance Art. V, § 506.6(A). Moreover, although Parking as a principal use is not prohibited in C-1 zones, it is only permitted if a special use permit is granted. Providence Zoning Ordinance Art. III, § 303.
The Appellants are asking this Court to consider these zoning ordinance definitions and conclude that using the US Gas Property to provide parking for residents of the Warehouse would constitute parking as a principal use of the US Gas Property. However, this Court is vested with the authority to review zoning board decisions; it is not authorized to make legal conclusions as to issues the Board has not yet considered. See § 45-24-69 (granting the Superior Court authority to consider appeals from a decision of the zoning board of review). Therefore, this Court cannot conclude whether the proposed use of the US Gas Property would violate the zoning ordinance.
Moreover, there is no evidence in the record demonstrating that either Lawton Realty or Harrison has actually purchased the US Gas Property. This Court cannot assume that the transaction will occur as the parties have represented, or that the spaces will be available to the residents of the Warehouse property. Further, the Board fails to describe any facts it assumed *Page 8 
when deciding to grant the variances. It is impossible for this Court to know why the Board granted the parking variance. Certainly, the Court could conclude, by speculating, that the Board assumed the US Gas Property would be purchased, and that the parking variance was contingent upon this fact. The Board's Decision refers to the US Gas Property a number of times, seemingly assuming that the property will be purchased and used in accordance with Lawton Realty and Harrison's representations. See, e.g., Decision at 2, 3. However, the Board never enunciates a factual finding that this sale will occur imminently, nor does it create, as a condition to the variances, any requirement that the sale occur or that the proposed use of the US Gas Property be in accordance with zoning ordinances. In its Decision, the Board simply explains that "[t]he Applicant further noted that the US Gas Property was located in a C-1 zone and did not require any zoning relief in order to be used for parking." Decision at 2.
Furthermore, the Board's factual findings simply summarize much of Lawton Realty and Harisson's testimony; they fail to conclude the facts as the Board found them. For example, the Board begins many of its factual determinations with phrases such as "[t]he Applicant proffered testimony" and "[t]he Applicant further testified." This summarization of Lawton Realty and Harrison's evidence does not indicate whether the Board weighed the evidence, considered the credibility of the witnesses, and then concluded the facts. Though it is possible that the Board adopted the facts presented by the Appellees as its own findings of fact, this Court cannot make such an assumption. Further, in failing to explain whether the parking variance is contingent upon the occurrence of any fact, including the purchase of the US Gas Property, this Court has no basis of concluding whether the Board erroneously granted the variance.
As explained by the Rhode Island Supreme Court in such cases asRobinson and Holmes, a Board's decision must provide enough detail such that the reviewing Court is not left to guess *Page 9 
about why the Board came to its particular conclusions. See,e.g., Holmes, 413 A.2d at 98 (explaining that Board must provide sufficient details for the reviewing Court to understand why the Board came to its conclusion); Robinson, 60 R.I. at 437, 199 A. at 314
(articulating that the Board must explain the basis of its decision, so the court may review it).
Because, the Board's Decision fails to explain whether the parking variance was granted contingent upon the occurrence of any fact, including whether it was contingent upon the purchase of the US Gas Property, and because the Board fails to clearly enunciate the facts as it found them, this Court cannot conclude whether the Board properly granted the parking variance.[4] Further, while it seems clear that the Board assumed the US Gas Property would be purchased by either Lawton Realty or Harrison, this Court cannot make such an assumption.
Consideration of the Board's Decision is premature, until and unless the property is purchased, or the Decision clearly explains the significance and effect, if any, the purchase of the US Gas Property has on the parking variance. Moreover, even if the Board's Decision provided enough detail for this Court to understand upon what facts its Decision was based, this Court could not properly conclude whether permitting parking on the US Gas Property violates the zoning ordinance, because that issue is not now before the Court on appeal.
This Court concludes that the Board's Decision lacks factual findings specific enough to permit a review of the Board's Decision. This Court has no way of determining why the parking variance was granted. Moreover, even if the parking variance was clearly contingent on the availability of additional parking at the US Gas Property, this Court cannot properly conclude that using the US Gas Property in such a way would be in accordance with the zoning ordinance. *Page 10 
Further, neither Lawton Realty nor Harrison have purchased the US Gas Property. Therefore, the review of the Board's Decision, which seems to rely on the purchase of the US Gas Property, is premature. As a result, the Board's Decision is remanded with instructions to the Board to clarify the factual basis upon which it decided to grant the variances. The Board is also instructed to specify the assumptions upon which its Decision is based and any conditions that must be met before the parking variance is valid.
 B The Remaining Variances
Just as the Board's Decision fails to provide specific factual findings that supports the granting of the parking variance, it likewise fails to enunciate the factual basis for granting the remaining five variances. Rather than concluding facts, the Board summarizes the testimony Harrison presented. As noted above, the Court could reasonably assume that by summarizing testimony, the Board was concluding it to be true. However, this Court cannot make this assumption, and without knowing the basis upon which the Board's Decision is based, it is impossible for this Court to review the Decision.
 IV Conclusion
Upon reviewing the Board's Decision, this Court concludes that the Board has failed to provide specific factual findings in its Decision that illustrate to the Court the Board's reasoning. As a result, this Court cannot determine whether the Board erroneously granted the variances. Therefore, the case is remanded to the Board with instructions to clarify its Decision. The parties shall present an order and judgment in accordance with this Decision.
[1] The Court notes that the use of the Warehouse as a residential unit clearly is permitted by the zoning ordinance; however, the proposed density of twenty units is not. The Board granted a "use" variance to permit more than three-family units on the property. However, because the property may rightfully be used as a residential property, the variance granted is actually a dimensional variance, which permits a greater density of residential property than otherwise allowed. Regardless of the terminology employed by the Board, however, the effect of the variance granted is the same, and for the sake of continuity, the Court will refer to this variance as a "use variance."
[2] The US Gas Property is located in a Commercial One ("C-1") zone, as well as in the West Side Overlay District.
[3] Appellees Kelly, Wolf, Varin, Underwood, and Strother, as members of the Board, submitted memoranda adopting the arguments of Lawton Realty and Harrison.
[4] The Board's Decision explains that it is subject to two conditions: "(1) the Applicant shall plant street trees along Harrison and Powhatan Streets, and (2) the former US Gas property be landscaped as presented and that an aesthetically pleasing fence be installed around the US Gas property as well." Decision at 3.