[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff appeals under the Administrative Procedures Act, seeking reversal of a decision of the Rhode Island Commission for Human Rights which held, following hearings, that plaintiff had engaged in discriminatory employment practice against Russell Brooks and Howard Anton Ray, both black, who were terminated in September, 1988.[1]
Before the Court are the certified record of the Commission, its written decision and order entered February 18, 1991, transcripts of hearings January 29th and 30th, 1990 and memoranda of counsel.
The record contains more than enough evidence to support a decision for the employer, had the Commission chosen to accept it. But, it also contains substantial evidence as defined inCaswell v. George Sherman Sand Gravel Co., 424 A.2d 646, 647 (R.I. 1981), and cited in Newport Shipyard, Inc. v. Rhode IslandCommission for Human Rights et al, 484 A.2d 893, 897 (R.I. 1984), accepted by the Commission, which meets the statutory criteria discussed in detail in Newport Shipyard, Inc., supra. The Court here can neither weigh the evidence nor substitute its judgment for that of the Commission. Costa v. Registrar of MotorVehicles, 543 A.2d 1307 (R.I. 1988).
The Court discerns no basis to fault the Commission underR.I.G.L. 1956 § 42-35-15(g) as amended. The decision appealed from is affirmed and the clerk will forthwith enter judgment for defendants for costs.
[1] The case is rather unusual in that plaintiff is a certified minority business whose black president is, inter alia, a life member of the NAACP, and on the board of the Martin Luther King Foundation (tr. 1/30/90 p. 147.)