DECISION
This is an appeal brought by Barbara A. D'Allesandro ("Plaintiff") from a decision of the Department of Environmental Management ("DEM") sustaining a Notice of Violation and Order ("NOVAO") issued to the Plaintiff as owner of real estate located at 100 East Avenue, Cranston. Jurisdiction is in this Court pursuant to R.I.G.L. § 42-35-15.
Facts/Travel
The parties submitted to the Administrative Adjudication Division of the DEM an agreed statement of facts from which the following is taken. The Plaintiff purchased said real estate which contains a gas station on or about July 23, 1987. The property contains seven underground storage tanks, six of which are the subject of the NOVAO. Four months after purchasing the gas station, Plaintiff entered into a three year lease with E.C.S., Inc. commencing on November 20, 1987 and terminating on November 19, 1990. The lease requires E.C.S. Inc. to comply with all DEM rules and regulations, including, but not limited to, underground storage tanks on the site. In the first year of the lease, E.C.S., Inc. submitted the required precision test results on the underground storage tanks to the DEM. For the years 1989, 1990 and 1991 no such test results were submitted. Neither E.C.S. Inc. nor DEM informed the Plaintiff that the test results were not submitted as required by DEM Regulations. The first notice the Plaintiff received was the NOVAO dated November 11, 1991. The NOVAO alleged that Plaintiff, as owner, violated the DEM regulations in that documentation had not been submitted pursuant to the underground storage tank program ("UST Program") to indicate the facility had been tested in 1989, 1990 or 1991 as required under section 9(d) of the UST Program, and no documentation had been submitted indicating spill containment basins had been installed, as required under section 9(b) of the UST Program. The NOVAO ordered, among other directives, the immediate testing of the tanks and the payment of an administrative penalty of $8,350.00. E.C.S. Inc. has since vacated the premises and Plaintiff has removed all tanks from the property. Plaintiff now contests the assessment of the penalty against her as owner.
Plaintiff requested an adjudicatory hearing on the NOVAO on December 18, 1991. At a prehearing conference, it was agreed that the issue of liability should be determined first. Pursuant to the agreement between the parties, the legal issue of whether Plaintiff, as owner, was responsible for the payment of penalties would be decided by a hearing officer on an agreed set of facts and legal memoranda.
The parties agree that the 1985 version of the Regulations for Underground Storage Facilities Used for Petroleum Products and Hazardous Waste is applicable. Consequently, the parties submitted to the DEM hearing officer the agreed statement of facts, 34 joint exhibits, and the issue "[w]hether Barbara D'Allesandro, as owner of the facility, is responsible for the UST NOV and the payment of penalties?"
After review of the submitted evidence, the hearing officer found the DEM had jurisdiction and that Plaintiff was responsible for the NOVAO and payment of penalties. From this finding, the Plaintiff appeals.
Standard of Review
The review of a decision of the Department of Environmental Management by this Court is controlled by R.I.G.L. § 42-35-15(g) which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswellv. George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the Court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458.
The present controversy stems from the parties' varying interpretation of Section 9 of the 1995 Regulations for Underground Storage Tanks, which states in pertinent part:
 Existing Facility Requirements
 . . .
 (b) All underground storage tanks at existing facilities shall be fitted with spill containment basins around all fill pipes within two (2) years of the effective date of these regulations.
 . . .
 (d) All existing facility underground storage tanks for which the dates of installation are unknown or unverifiable shall be precision tested within one (1) year of the effective date of these regulations, and annually thereafter.
Plaintiff states that section 9 does not state whether the owner or operator is responsible for fulfilling the described tasks. Therefore, Plaintiff argues that she should not be found liable because her lease with E.C.S. Inc. put the burden of fulfilling all DEM regulations on E.C.S. Inc. Plaintiff relies on section 7 of the UST regulations which specifically state that the operator shall apply for the certificate of registration to support her argument that the operator, being in actual control of the gas station, must also comply with section 9. The DEM concluded that section 9 holds both an operator and owner joint and severally liable for a violation of the safety procedures mandated in section 9 based on the fact that it does not specifically state which party must comply.
The terms of Plaintiff's lease cannot delegate the obligation Plaintiff has to maintain the facility in compliance with the UST Program. Statutory intent is to be found in the unambiguous words of the statute. The words contained in the regulation must be given there plain and ordinary meanings unless contrary intent is clearly shown of the face of the regulation. See In reFalstaff Brewing Corp., 637 A.2d 1047, 1049 (R.I. 1994). Thus, this Court's primary task is to attribute to the regulation the meaning most consistent with the obvious purpose as stated in the regulations — protect the environment from hazardous products.
 Section 2. Purpose
 The purpose of these regulations is to implement a registration system and to establish facility design requirements testing schedules, and closure requirements for new and existing underground storage tank systems in order to protect the groundwaters and surface waters of the State from pollution that may result from the underground storage of petroleum products and hazardous materials.
The language contained in section 9 is broad, and there is no reason to limit its applicability to the operation of a facility. A clear reading of Section 9 demonstrates that the section is applicable to an owner and therefore the penalties may be assessed against the owner. An owner may not shield itself from this responsibility to public safety by delegating these duties to an operator. An owner is defined to be the person who holds title to the facility. With that ownership comes the responsibility to maintain the facility. Pursuant to the purpose expressed by the DEM, the owner must select a responsible operator or bare the brunt of her choice. Although, the regulation does not specifically state that the owner will be held liable for the violation of section 9, the implicit meaning of the wording of the regulation and the concern for public safety make clear the drafters' intent to hold an owner liable.
After a review of the record, this Court finds the NOVAO fining the Plaintiff $8,350.00 to be supported by reasonable and substantial evidence. Accordingly, the NOVAO and fine are upheld.
Counsel shall submit the appropriate judgment for entry.