DECISION
This is an appeal from a decision of the Rhode Island Board of Registration for Professional Engineers. Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1987 Reenactment) §5-8-19 (1994 Cum. Supp.) and G.L. 1956 (1991 Reenactment) §42-35-15.
Facts/Travel
Ian H. Frament (plaintiff) first applied to the Rhode Island Board of Registration for Professional Engineers (the Board) for registration as an engineer-in-training in October of 1987. Mr. Frament, who is forty-one years old, has been employed by the Rhode Island Department of Transportation (RI DOT) for eight years. Prior to his employment at RI DOT, he was employed at the engineering firm of Corner and Lada. He also has a Bachelor of Arts degree in General Science.
After reviewing the plaintiff's initial application, the Board decided that the applicant did not meet the educational requirements for taking the engineer-in-training (EIT) examination in Rhode Island, which at that time required that the applicants be a graduate of an approved engineering curriculum of four years or more. G.L. 1956 (1987 Reenactment) § 5-8-11 (2) (A). As a result the Board sent the applicant a letter, dated October 27, 1987, notifying him of its decision that he could not sit for the EIT examination because he did not have a proper educational background.
In January of 1989 the plaintiff notified the Board that he had received an EIT certificate from the state of New Hampshire upon his successful completion of the EIT examination, which was prepared by the National Council of Examiners for Engineers and Surveyors (NCEES). He therefore requested that the Board reconsider his application based upon the reciprocity provisions of the Engineers Act, R.I.G.L. 1956 (1987 Reenactment) § 5-8-1 etseq., In April of 1989 the Board reconsidered his application based upon reciprocity with New Hampshire and notified the plaintiff that he could not be registered based upon the fact that he did not meet the educational requirements of Rhode Island law.
In May of 1989 Mr. Frament wrote the Board a letter asking that his application be reconsidered based upon his experience and the examination rather than his education. He wrote:
 On April 26, 1989 the Board denied my application for reciprocity based on the fact that I did not meet the educational requirements of the State of Rhode Island. I did not apply under those requirements and hope to be reconsidered under those requirements as stated in subsection B Experience and Examination. (See Defendant's Exhibit D).
The Board replied with a letter dated June 7, 1989 directing the plaintiff to respond to the Board on or after January 1, 1990.
Mr. Frament did in fact respond by an undated letter in 1990, again asking the Board to issue him an EIT certificate based upon reciprocity with New Hampshire. Since the provisions of the registration act in effect from 1987 through 1990 did not give the Board express statutory authority to grant reciprocal licensing of engineers-in-training, the Board, acting under general authority to regulate and administer the licensing process, granted the plaintiff an EIT certificate on March 29, 1990. It should be noted that the EIT certificate is valid for 12 years in Rhode Island. R.I.G.L. 5-8-11(a) (2) (c). The certificate itself says,
 "after completing a sufficient period of engineering experience of a character satisfactory to the Board, he may take the final part of the examination for registration as a Professional Engineer." (See Exhibit C, the Engineer In Training Certificate dated March 28, 1990).
On February 14, 1994 the plaintiff applied for registration as a professional engineer in Rhode Island. As part of the application process, Mr. Frament asked that he be allowed to sit for the eight hour NCEES Professional Engineer Examination administered by the Board twice each year. The Board considered the plaintiff's application at its May 19, 1994 meeting and, after review, voted to deny the application to sit for the examination based upon the fact that Mr. Frament did not meet the educational/examination requirements of Rhode Island, which at that time required that an applicant be a graduate of or a senior enrolled in an ABET accredited engineering curriculum of four years or more, or a graduate of an engineering curriculum other than those approved by the board as being of satisfactory standing. G.L. 1956 (1987 Reenactment) § 5-8-11 (1) (B) (C) (1994 Cum. Supp.).
On June 8, 1994 the plaintiff requested that he be allowed to argue before the Board concerning reconsideration of his application for admission to the Professional Engineer examination. Mr. Frament's request was granted, and on July 20, 1994 he appeared before the Board to argue the merits of his case. After the hearing the Board voted to uphold its May 19, 1994 decision. The plaintiff was notified by a letter dated July 26, 1994. From that decision, this appeal followed.
Standard of Review
The review of a decision of the Board by this Court is controlled by R.I.G.L. § 42-35-15 (g), which provides for review of a contested agency decision:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458.
At issue before this Court is the Board's denial of the plaintiff's application based upon the educational/examination requirement of the Engineers Act. R.I.G.L. § 5-8-1 et seq. This Court is mindful that the ". . . deference due to an agency interpretation of its governing statute and regulations is far from blind allegiance." Citizens Saving Bank v. Bell,605 F. Supp. 1033, 1042 (1983). The purpose of the Engineers Act is "to safeguard life, health, and property, and to promote the public welfare." R.I.G.L. 5-8-1.
 Examples of such regulation by legislative act may be found in branches of the medical profession, dentistry, public accounting, barbering, trained nursing, banking, and in many other lines of endeavor. The exercise by the legislature of the right to so regulate and control is now fully recognized and justified under the police power, especially when the professions and occupations are of a public or quasi-public nature. The Prata Undertaking Company v. State Board of Embalming and Funeral Directing, 55 R.I. 455 [55 R.I. 454], 459 (1936) (citing to Coppage v. Kansas, 236 (US 1)).
While recognizing the Board's authority to regulate the engineering profession, the petitioner in the case at bar argues that since the Board already granted him on EIT certificate in 1990, when the law allowed for professional engineer certification based upon experience and examination, the Board is estopped from preventing him to sit for the N.C.E.E.S. examination on the basis that he lacks the necessary educational requirements. In fact this Court has applied the doctrine of equitable estoppel against administrative and municipal authorities where justice so requires. Greenwich Bay Yacht BasinAssoc. v. Brown, 537 A.2d 988, 991 (R.I. 1988) (citing toLoiselle v. City of East Providence, 116 R.I. 585, 359 A.2d 345
(1976)); Schiavelli v. School Committee of North Providence,114 R.I. 443, 334 A.2d 416 (1975); Ferrelli v. Department ofEndowment Security, 106 R.I. 588, 291 A.2d 906 (1970). However, this relief is extraordinary and will not be applied unless the equities clearly must be balanced in favor of the parties seeking relief under this doctrine. Id. Regardless, in proper circumstances a public agency may be estopped from denying representations made by its agents causing an individual to act to his detriment in reliance upon those statements. Lerner v.Gill, 463 A.2d 1352 (R.I. 1983) (citing to Schiavulli v. SchoolCommittee of North Providence, 114 R.I. 443, 448-49,334 A.2d 416, 419 (1975)). The facts and circumstances of each case must be closely scrutinized to determine whether justice requires the imposition of estoppel. Id.
Thus, by reading the express language of the Engineer In Training Certificate that was dated March 28, 1990 and signed by Raymond Marshall, P.E., this Court concludes that the Rhode Island Board of Registration for Professional Engineers represented to the petitioner that he would be able to take the final part of the examination for registration as a Professional Engineer. Consequently, the petitioner has consistently maintained that, as the result of his being given an Engineer in Training Certificate, that he has relied on the fact that he could sit for the final part of the examination as long as he completed a sufficient period of engineering experience of a character satisfactory to the Board. (See Exhibit C, the Engineer In Training Certificate dated March 28, 1990). Although the Board later decided that the applicant did not meet the educational requirements for taking the final part of the exam, when the process first began the Board did in fact certify the applicant to be an engineer in training. Therefore, this Court concludes that the petitioner was qualified for, and awarded his Engineer In Training status during 1990, in accordance with the then existing Rhode Island law governing the registration of Professional Engineers and Engineers In Training.
The record before this Court demonstrates that the Board through the express language on the Engineer In Training Certificate represented to the applicant that he would be allowed to sit for the final part of Professional Engineer Examination when it granted the certificate. Consequently, the petitioner relied on that representation to his detriment and applied to sit for the examination.
After reviewing the record, this Court finds that the Rhode Island Board of Registration for Professional Engineers abused its discretion when it denied Ian Frament's application to sit for the N.C.E.E.S. examination in Rhode Island. Accordingly, the July 26, 1994 decision of the Rhode Island Board of Registration for Professional Engineers is reversed, the plaintiff's appeal is hereby granted, and the matter is remanded to the Board with direction to allow the plaintiff to sit for the next N.C.E.E.S. examination.
Counsel shall prepare the appropriate judgment for entry.