DECISION
Before this Court is the administrative appeal of Dominican Taxi, ROM Transportation, and Gonzalez Taxi (appellants) from a decision of the Division of Public Utilities and Carriers Board (Board) granting the appellee, Ramona Gomez (Gomez), 5 new taxicab certificates. Jurisdiction is pursuant to G.L. §42-35-15(g).
 Facts and Travel
On November 20, 1998, Gomez filed an application with the Board requesting 5 new common carrier certificates to operate taxicabs in the Providence and Cranston areas. On December 8, 1998, the appellants filed protests to Gomez' application.
On February 11, 1999, a hearing was held before Hearing Officer Stevenson. At the hearing, Gomez presented testimony of 8 witnesses who currently use taxicab services in the Providence area. The witnesses testified to various problems with present taxicab service in the area, including taxicabs arriving later than promised or not arriving at all, rude drivers, lack of assistance from drivers when necessary, and language barriers for Spanish speaking passengers. Gomez testified as to her experience driving taxicabs and her proposed taxicab service.
On March 3, 1999, Hearing Officer Stevenson made the following findings. The hearing officer found that Gomez was educated and experienced sufficiently to operate a taxicab business; that Gomez presented several witnesses whose testimony clearly supported a need for additional cabs in Providence; and that the witnesses testified to waiting long periods for taxicabs, taxicabs not showing up, rude drivers, and that they were charged rates not allowed. The hearing officer further found that the protestants' witness did not address the issues of fit, willing and able, or public convenience and necessity; and that "the testimony should serve as a warning to certain cab companies in Providence, that the Board will not tolerate the type of action contained in the testimony." (Board Report and Order, Mar. 3, 1999). Based on these findings, the hearing officer granted appellee Gomez' request for 5 new taxicab licenses.
On March 8, 1999, appellants Dominican and Gonzalez filed a motion for reconsideration and for a new hearing with the Board. Hearing Officer Stevenson denied the motion as "vague" and stated that no proof was offered of any new evidence that would warrant reopening the hearing. The appellants filed this timely appeal on March 10, 1999. On appeal, the appellants argue that the hearing officer abused his discretion by excluding relevant evidence proffered by the appellants. In addition, the appellants argue that Gomez failed to show any public need for the proposed taxicab service, for the number of additional taxicabs requested, or for the proposed service in Cranston.
 Standard of Review
The review of a decision of the Board by this court is controlled by G.L. § 42-35-15(g), which provides for review of a contested agency decision:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Comm'n,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the PUC's decision. Newport Shipyard v. Rhode IslandComm'n for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswell v. George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dep't of EmploymentSec., 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record."Milardo v. Coastal Resources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I.Conflicts of Interests Comm'n, 509 A.2d at 458. The Superior Court's role is to examine whether any competent evidence exists in the record to support the agency's findings. Rocha v. PublicUtil. Comm'n., No. 96-112-M.P., Slip Op. at 7 (R.I., filed Jun. 9, 1997). The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Auth., et al. v.Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
 Presentation of Evidence
The appellants argue that they were not permitted to present certain evidence at the hearing and therefore were denied a fair hearing. Specifically, the appellants argue that they should have been permitted to offer into evidence the yellow pages of the telephone book listing the various taxicab services presently available in the Providence area, that the hearing officer take judicial notice of the total number of taxicab certificates presently issued, that the appellee's husband stated in deposition that he was seeking a taxicab certificate, and that appellant was not permitted to question a witness as to the source of her income. The appellee responds that these claims are without merit.
Section 42-35-10(a) of the Administrative Procedures Act provides that "[i]rrelevant, immaterial, or unduly repetitious evidence shall be excluded." In an administrative proceeding, the hearing officer has the duty of conducting the hearing and making decisions regarding the admission of evidence according to the Rhode Island Rules of Evidence. Environmental Scientific Corp. v.Durfee, 621 A.2d 200 (1993). In the present case, the hearing officer denied appellant's motion to take judicial notice of the yellow pages of the telephone book and of the total number of outstanding taxicab certificates as the companies and certificate holders were not present to testify regarding hours of operation and services provided. This decision is within the discretion of the hearing officer and will not be reversed unless clearly erroneous.
The appellants also argue that the appellee's husband would be the true principal of the proposed taxicab service, and therefore, concealment of the principal shall be grounds for denial of a certificate. While the appellee admits that her husband may drive a taxicab for her proposed service, the appellants presented no evidence that the appellee would not be the true holder of the certificates.
The appellants next argue that they were denied due process by the hearing officer's refusal to permit cross-examination concerning a witness's source of income. The appellants rely onLee v. State of Rhode Island, 942 F. Supp. 750 (D.R.I.), for the contention that due process may be violated in an administrative proceeding where a party is precluded from presenting vital evidence. In the Lee case, the exclusion of certain evidence was prohibited by statute, and the court held that that violated due process. In the present case, the hearing officer listened to the appellants' proffer and then decided that the evidence was irrelevant. While a fair hearing is required, the determination of whether particular evidence is relevant, and therefore admissible, is within the discretion of the hearing officer and will not be reversed unless clearly erroneous.
This court finds that the decision of the hearing officer to refuse to take judicial notice of proffered evidence, to reject as irrelevant testimony that the appellee's husband had previously applied for a taxicab certificate, and to deny questioning regarding the source of a witness's income as irrelevant were not clearly erroneous.
 Failure to Show Public Need
The appellants also argue that Gomez has failed to show a public need for either five additional taxicab certificates or any additional taxicab service. The appellee responds that the record contains overwhelming evidence in support of the Board's decision.
The Rhode Island legislature has "vested in the public utilities commission and the division of public utilities and carriers the exclusive power and authority to supervise, regulate, and make orders governing the conduct of companies offering to the public in intrastate commerce energy, communication, and transportation services and water supplies for the purpose of increasing and maintaining the efficiency of the companies and to the public. . . ." G.L. § 39-1-1. Legislation further provides "[e]very person owning or operating a motor vehicle engaged or to be engaged in operating a taxicab . . . is declared a common carrier and subject as such to the jurisdiction of public utilities and carriers." G.L. §39-14-2. Certificates shall be issued by the administrator, after hearing, if it is found that the applicant is "fit, willing, and able" to properly perform the service and that the proposed service "is or will be required by the present or future public need and convenience." See G.L. § 39-14-4.1.
The Rhode Island Supreme Court has stated that the law is well-settled that public service is the test in granting a certificate of convenience and necessity. Yellow Cab Co. v.Public Utility Hearing Bd., 73 R.I. 217, 54 A.2d 28 (1947) (citing Capaldo v. Public Utility Hearing Bd., 71 R.I. 245,43 A.2d 695 (1945)). The Court further noted that "findings by the board on questions of fact shall be held prima facie to be true and as found by the board; and an order of the board shall not be reversed unless it appears that its decision is against the weight of the evidence. . . ." Id. at 31.
In the present case, the hearing officer found that several witnesses "whose testimony clearly supports a need for additional cabs in Providence" were presented by Gomez. (Board Report and Order, Mar. 3, 1999, at 5). This court's role is to examine whether any competent evidence exists in the record to support the Board's findings. In evaluating these findings, this court is precluded from reevaluating the hearing evidence and substituting its own judgment on the weight of these findings. This court finds that the record demonstrates that the appellee presented numerous witnesses whose undisputed testimony was that taxicab service was often late, or never showed at all, that drivers had been rude to them, and that language barriers existed between drivers and customers. This court finds that the hearing officer's finding that Gomez demonstrated that there was a need for additional taxicabs was not clearly erroneous or against the weight of the evidence and that competent evidence to support the hearing officer's decision exists in the record.
The appellants argue that two months earlier the Board denied Appellant Gonzalez' request for 5 new certificates and therefore should not grant new certificates to Gomez at this time. Although the Board did deny new certificates to Gonzalez on January 11, 1999, the Board's findings were that Gonzalez failed to satisfy his burden on the issue of public need. (Board Report and Order, Jan. 11, 1999, at 3). In addition, the Board noted that Gonzalez, even though within his rights, has opposed other applicants on the issue of public necessity and convenience and that this testimony adversely affected Gonzalez' testimony. Id. In the present case, the Board found that Gomez did satisfy that burden and therefore was granted the certificates.
In addition, Hearing Officer Stevenson noted in the Report and Order that the testimony given at the hearing "should serve as a warning to certain cab companies in Providence, that the Division will not tolerate the type of action contained in the testimony." (Board Report and Order, Mar. 3, 1999. at 6). The court here finds sufficient evidence in the record to uphold the Board's decision to grant new certificates based on public need. However, this court notes that when the Board finds that existing companies are not serying the needs of the public, it may, pursuant to § 39-14-11, impose penalties for violation of any provision of § 39-14-1, et seq. The Board has the authority to fine, imprison, or revoke certificates for each day a violation occurs.
Conclusion
After review of the entire record, this court finds that the Report and Order of the Board, dated March 3, 1999, is supported by reliable, probative, and substantial evidence in the record and was not arbitrary or capricious. The court further finds that substantial rights of the appellants — Dominican, ROM, and Gonzalez — have not been prejudiced, and that the Board did not exceed its statutory authority in finding that the public need would be served by the proposed taxicab service.
Accordingly, the court affirms the Board granting of 5 new certificates to Gomez. Counsel shall submit the appropriate order for entry.